IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD RAYMOND CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00396 |
| v. | ) | |
| | ) | |
| DR. BRUCE STEVENS, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Harold Raymond Chism, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Each of the three defendants filed a separate motion for summary judgment on July 25, 2019. The next day, the court mailed a notice advising Chism that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining, or avoiding the defendants' evidence before ruling on their motions. The notice warned Chism:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice, Dkt. No. 16 (emphasis in original).) That 21-day period expired more than ten days ago, and Chism has not filed any response to any of the three motions for summary judgment, nor has he filed any request for additional time to respond. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Chism has failed to prosecute this action. *See generally Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Chism's failure to respond to the defendants' dispositive motions would be interpreted as a failure to prosecute and would be cause for dismissal of the action without prejudice, the court concludes that it is appropriate to dismiss this case without prejudice.

Chism is advised that if he intends to proceed with this action, he must petition the court within 30 days of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide a specific explanation for his failure to respond in a timely fashion to the defendants' dispositive motions.

Additionally, in light of the dismissal, defendants' motions for summary judgment (Dkt. Nos. 10, 12, 14) will be dismissed as moot.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this civil rights action under 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE for failure to prosecute, *see* Fed. R. Civ. P. 41(b); all pending motions (Dkt. Nos. 10, 12, 14) are DISMISSED WITHOUT PREJUDICE AS MOOT; and the Clerk will STRIKE the case from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and order to Chism and to counsel of record for the defendants.

Entered: August 30, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge